Richard S. Heller, J.
These claims arising from the same accident were tried together by consent. The claim of Frank Wrazen as parent and natural guardian of the infant Frank Wrazen, Jr., a part of Claim No. 37134, was dismissed at the opening of the trial because no guardian ad litem had ever been appointed. The attorneys for the said infant consented to the dismissaJT^
Anna Wrazen, together with her son Frank Wrazen, Jr., Edward Trzaska and David John Krywczuk left the Buffalo, New York, area at approximately 6:00 p.m. on July 13, 1959 to drive another Wrazen son back to an army camp located at Fort Bragg, North Carolina. They drove all night until they *78 reached ,a point approximately :96 miles north of Fort Bragg where the Wrazen boy left for ©amp. Sometime between S;0O and 10.00 a.m. the party started north for home. On the way they stopped in Washington, I). G., for several hours to see the city, then again started for Buffalo.
At 3:00 a.m. on July 15, 1959 the car then being driven by Anna Wrazen collided with a tractor-trailer. As a result Anna Wrazen died and the other occupants were injured. At the time of the accident the group had been on the road for 31 honrs except for the sight-seeing in Washington, D. CL, and for occasional short stops for food and other needs. Whatever sleep any of the occupants had during fids period was in the traveling ear. There is evidence that they alternated with the driving.
The only witness to the actual collision was the driver of the tractor-trailer. Mrs. Wrazen died without recovering consciousness. The other boys were asleep at the time of the accident and could add nothing to the record.
It is the contention of the claimants that the State was negligent in the construction and reconstruction of Route 15, a State highway at a point approximately one mile south of the Village of Wayland and a few miles north of Cohocton, an area known as Lander’s Hill.
As you approach the scene of the accident going in a northerly direction you go up a hill on a right curve to the crest and almost immediately start down a long grade. The 24-foot road has a good sight distance up and down the two grades.
The State had been occupied for about two months prior to the accident in repairing and patching the road south of the accident site. At the crest and for 75 feet northerly in the northbound lane, there was a hard-packed gravel fill that was rough. To the south there were further patches and rough spots. All of this road was under daily supervision and two red flags with the words “Slow” were placed on the side of the road just before and at the center of the 75-foot filled area. There is some evidence that flares were used at night at the patch and that further to the south were two flags and flares.
There is no doubt that the road was rough and subject to frequent patching but there is no evidence that there had been any accidents at this point. There is evidence that the area could be safely travelled at maximum allowable speed and there is evidence that drivers tended to pull to the left as they approached the rough filled area if they were familiar with the condition.
At 1:30 a.m., one and one-half honrs before the accident, the travelers had stopped for coffee. Mrs. Wrazen took her turn at *79 driving and continued as the driver until the accident. A short time before the accident, a State Trooper traveling southerly was so impressed with the erratic driving of the ear that he turned around to check on conditions but before he could overtake the car, the accident occurred.
The driver of a tractor-trailer proceeding up the hill and almost to the erest noticed the Wrazen ear in Ms lane at a distance of ISO feet to the south. The ear proceeded in a straight line toward him and although the driver of the tractor-trailer pulled to the right, the car collided with Ms tractor, still in the southbound lane. The point of impact was a few feet north of the 75-foot filled area. The car had crossed a double white line which extended up the hill to the crest and beyond.
It is the opinion of the court that the road was in sufficient repair to provide a safe place for the traveling public and that the warnings were sufficient under the circumstances. The sole proximate cause of the accident was the negligence of the driver of the car.
The claims are dismissed.
Either party may submit findings of fact and conclusions of law and they will be marked and signed by the court if received within 20 days from the date hereof, otherwise they shall he deemed to have been waived.